# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF KANSAS
# (WICHITA DOCKET)

| | |
|---|---|
| THE UNITED STATES OF AMERICA, )<br>  )<br>                              Plaintiff, )<br>vs.                                                    )   Case Number: 16-10018-01-JTM<br>  )<br>STEVEN R. HENSON, )<br>  )<br>                              Defendant, )<br>_____ ) | |

## MOTION IN LIMINE TO ADMIT TEXT OF 21 U.S.C. § 841(b)(1)(C)
## TO INFORM JURY OF MANDATORY MINIMUM SENTENCE

Defendant Steven Henson moves *in limine* to admit the text of 21 U.S.C. § 841(b)(1)(C) to inform the jury of mandatory minimum sentence and states:

Count 17 of the indictment the government has brought against Dr. Henson charges a violation of 21 U.S.C. § 841(b)(1)(C), which provides for a minimum mandatory sentence of 20 years. The statute setting forth the offense with which Dr. Henson is charged is relevant to the determination of his guilt. *See* Fed. R. Evid. 401, 402. Accordingly, the statute should be admitted into evidence and the jury made aware of the mandatory minimum sentence. *See United States v. Polizzi*, 2008 WL 877164 (E.D.N.Y. April 1, 2008) (Weinstein, J.) (granting new trial – in a 288 page opinion – for failing to inform jury of five year minimum mandatory sentence). For the reasons articulated in *Polizzi*, we urge this Court to inform the jury of the twenty year minimum mandatory sentence.

We recognize that traditionally courts have held that jurors should not be informed of what sentence will follow from a guilty verdict. The rationale for this has been that the "jury's function is to find the facts and to decide whether, on those facts, the defendant is guilty of the

crime charged. The judge, by contrast, imposes sentence on the defendant after the jury has arrived at a guilty verdict." *Shannon v. United States*, 512 U.S. 573, 576 (1994). It also risks confusing or distracting the jury. *Id.*

In *Shannon*, the Supreme Court held that a defendant pleading an insanity defense is not entitled to inform the jury that he will be institutionalized if the jury accepts the defense. Some *dicta* in *Shannon* as well as in former Fifth Circuit cases also arising from insanity defenses suggests that a jury generally should not be told of a mandatory minimum sentence. *See Shannon*, 512 U.S. at 579 ("It is well established that when a jury has no sentencing function, it should be admonished to 'reach its verdict without regard to what sentence might be imposed.'"); *United States v. McCracken*, 488 F.2d 406, 425 (5th Cir. 1974) ("It is error to tell the jury about the consequences of a certain verdict even if they are mandatory."); *United States v. Pope*, 298 F.2d 507, 508 (5th Cir. 1962) ("To inform the jury that the court may impose minimum or maximum sentence, will or will not grant probation, when a defendant will be eligible for parole, or other matters relating to disposition of the defendant, tend to draw the attention of the jury away from their chief function as sole judges of the facts, open the door to compromise verdicts and to confuse the issue or issues to be decided.")

But as *Polizzi* makes clear, all of this has changed with the Supreme Court's new emphasis on the Sixth Amendment and its original meaning. *See Polizzi* at pg. * (explaining that historically, juries were informed of the potential sentences).

In addition, the Supreme Court and the Eleventh Circuit have both have emphasized that the rule does not apply in some cases, such as when a witness or the prosecutor creates a misimpression of the consequences. *See Shannon*, 512 U.S. at 587; *United States v. Thigpen*, 4 F.3d 1573, 1578 (11th Cir. 1993) (*en banc*). Moreover, judges retain discretion to decide whether

a jury should be informed of the consequences of an insanity verdict in a particular case. *United States v. Blume*, 967 F.2d 45, 49 (2d Cir. 1992).

Nonetheless, the prevailing practice has been that a defendant cannot insist on informing jurors of a mandatory minimum sentence. *See, e.g.*, *United States v. Pabon-Cruz*, 391 F.3d 86, 95 (2d Cir. 2004); *United States v. Bender*, 265 F.3d 464, 472 (6th Cir. 2001); *United States v. Broxton*, 926 F.2d 1180, 1183 (D.C. Cir. 1991); *United States v. Goodface*, 835 F.2d 1233, 1237 (8th Cir.1987); *United States v. Johnson*, 502 F.2d 1373, 1377–78 (7th Cir. 1974); *Chapman v. United States*, 443 F.2d 917, 920 (10th Cir.1971); *United States v. Del Toro*, 426 F.2d 181, 184 (5th Cir. 1970).

The rationale for that practice arose and made sense under an indeterminate sentencing system where *someone*—the judge at the time—bore ultimate responsibility for ensuring that the individual before the court was deserving of whatever punishment was imposed. It makes no sense under a system that imposes a harsh, inflexible sentence across the board. Thus, while it may be true that "as a general matter, jurors are not informed of mandatory minimum or maximum sentences, nor are they instructed regarding probation, parole, or the sentencing rage accompanying a lesser included offense," *id.* at 586–87 (citing *Thigpen*, 4 F.3d at 1578) that practice is anachronistic.

Furthermore, no court to date has considered that 1 U.S.C. § 112 provides that the text of a federal statute is admissible evidence in every federal court. It states in pertinent part:

> **Statutes at Large; contents; admissibility in evidence.** . . . The United States Statutes at Large shall be legal evidence of laws, concurrent resolutions, treaties, international agreements other than treaties, proclamations by the President, and proposed or ratified amendments to the Constitution of the United States therein contained, in all the courts of the United States, the several States, and the Territories and insular possessions of the United States.

The prevailing practice of keeping the jurors in the dark of the consequences of a guilty verdict, no matter how long-standing, is not rooted in any constitutional, statutory, or common law rule. It is merely a legal custom or tradition. Given that Congress has made the Statutes at Large legal evidence in every federal court, the practice must yield and the jurors be allowed to read for themselves the text of the statute on which they are asked to find guilt. It is a bizarre and strange rule that would keep from jurors the very law they are to say was transgressed.

WHEREFORE, Dr. Henson respectfully requests the relief prayed for herein.

Respectfully submitted,

**/s/Kurt P. Kerns**
Kurt P. Kerns #15028
Ariagno, Kerns, Mank & White, L.L.C.
328 North Main Street
Wichita, Kansas 67202
(316) 265-5511
E-mail:  kurtpkerns@aol.com
Attorney for Steven R. Henson

CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the above Motion In Limine was filed and served electronically pursuant to the CM/ECF system on February 13, 2017, on all counsel of record.

**s/ Kurt P. Kerns**
Kurt P. Kerns #15028
Attorney for Steven R. Henson