IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

UNITED STATES OF AMERICA,

    Plaintiff,

    v.                                            Case No. 16-10018-01-JTM

STEVEN R. HENSON, M.D.,

    Defendant.

## MEMORANDUM AND ORDER

*Motion to Dismiss Indictment*

Defendant Steven R. Henson has moved to dismiss the government's indictment charging him with distributing and conspiring to distribute controlled substances in violation of Title 21 U.S.C. § 841(a) and 21 U.S.C. § 846 of the Controlled Substance Act (CSA), as well as non-drug related offenses not at issue now. Specifically, the defendant argues: (1) the language of the statute requiring controlled substances be issued in the "usual course of his professional practice" and for "a legitimate medical purpose," is unconstitutionally vague as applied to his case (Dkt. 268, at 1-2); and (2) the indictment sets forth an "illegitimate standard of medical care" to evaluate the defendant's actions by preempting state law with an arbitrary federal standard. (Dkt. 268, at 15). The Court finds these arguments unpersuasive. Thus, the defendants motion to dismiss is denied.

*Legal Standard*

Generally, the strength or weakness of the government's case, or the sufficiency of the government's evidence to support a charge, may not be challenged by a pretrial motion. *United States v. King*, 581 F.2d 800, 802 (10th Cir.1978). An indictment should be tested solely on the basis of the allegations made on its face, and such allegations are to be taken as true. *United States v. Sampson*, 371 U.S. 75, 78–79, 9 L.Ed.2d 136 (1962). Courts should refrain from considering evidence outside the indictment when testing its legal sufficiency. *United States v. Hall*, 20 F.3d 1084, 1087 (10th Cir. 1994). "If contested facts surrounding the commission of the offense would be of any assistance in determining the validity of the motion, Rule 12 doesn't authorize its disposition before trial." *United States v. Pope*, 613 F.3d 1255, 1259 (10th Cir. 2010).

*Vagueness*

"The void-for-vagueness doctrine requires that a penal statute define the criminal offense with sufficient definiteness that ordinary people can understand what conduct is prohibited and in a manner that does not encourage arbitrary and discriminatory enforcement." *Smith v. Goguen*, 415 U.S. 566, 39 L.Ed.2d 605 (1974). To sustain such a challenge, "the complainant must prove that the enactment is vague. [N]ot in the sense that it requires a person to conform his conduct to an imprecise but comprehensible normative standard, but rather in the sense that no standard of conduct is specified at all." *Coates v. City of Cincinnati*, 402 U.S. 611, 614, 29 L.Ed.2d 214 (1971). "[V]agueness challenges to statutes which do not involve First Amendment freedoms *must be examined*

*in the light of the facts of the case* at hand." *United States v. Mazurie*, 419 U.S. 544, 550, 42 L.Ed.2d 706 (1975) (emphasis added).

Here, the defendant argues the statutory language of 21 U.S.C. § 841 *et. seq.* is "unconstitutionally vague" as applied to this case, because it failed to provide him with fair notice that his alleged conduct was prohibited. The defendant asserts that, at the time the indictment was brought, no federal regulations existed for physicians treating chronic pain patients. Although the Center for Disease Control and Prevention (CDC) did promulgate such federal guidelines in 2016 this adoption occurred after the defendant had been indicted. As such, the defendant maintains he could not have consulted said guidelines when the allegations brought against him took place. (Dkt. 268, at 1). The defendant contends under the standard set by the Supreme Court in *Gonzalez v. Oregon,* 546 U.S. 243, 163 L.Ed.2d 748, (2006)., the federal government has no business trying to define what practices are and are not within the "course of professional medical practice" or what constitutes a "legitimate medical purpose."

The Supreme Court has explicitly held that "registered physicians under the CSA may be prosecuted under 21 U.S.C. § 841, when their activities fall outside the usual course of professional practice." *United States v. Moore*, 423 U.S. 122, 46 L.Ed.2d 333, (1975). Additionally, the Supreme Court and our own circuit has upheld convictions under the CSA for conduct similar to that alleged by the government in the indictment. *see Moore,* 423 U.S. 122 (1975) (evidence that the defendant physician "gave inadequate physical examination or none at all," "took no precautions against [prescription] misuse or diversion," and "did not regulate…dosage" was sufficient to prove that "conduct

3

exceeded the bounds of professional practice "); *see United States v. Jamieson*, 806 F.3d 949 (10th Cir. 1986) (prescribing doctor gave drugs when patients asked for them and wrote prescriptions when patients took drugs more frequently than directed); *see United States v. Varma,* 691 F.2d 460, 464 (10th Cir. 1982) (prescribing doctor took incomplete medical histories and gave short and inadequate physical examinations).

Taking as true all allegations laid out in the indictment, the Court finds the CSA is not vague and the defendant had sufficient notice the statute prohibited his alleged conduct. Neither the Supreme Court nor the Tenth Circuit has stated that a specific set of facts must be present to find that a physician stepped outside his role and issued prescriptions without a legitimate medical purpose. Instead, each Court has required the fact finder to affirmatively determine that the physician issued the drugs for an improper purpose following a presentation of the evidence at trial.

The Court finds no reason the present case should be any different.

*Sufficiency of Indictment*

An indictment is deemed constitutionally sufficient if it (1) contains the essential elements of the offense intended to be charged, (2) sufficiently apprises the accused of what he must be prepared to defend against, and (3) enables the accused to plead an acquittal or conviction under the indictment as a bar to any subsequent prosecution for the same offense. *Russell v. United States*, 369 U.S. 749, 763–64, 8 L.Ed.2d 240 (1962); *United States v. Walker*, 947 F.2d 1439, 1441 (10th Cir.1991). "For this, facts are to be stated… and

4

these must be set forth in the indictment with reasonable particularity of time, place, and circumstances." *United States v. Hess*, 124 U.S. 483, 487–88, 31 L. Ed. 516 (1888).

Here, the defendant argues that, while no federal guidelines existed at the time of the defendant's alleged violations, the Kansas legislature *had* delineated rules and laws related to the treatment of pain patients. As such, the defendant argues, the indictment is insufficient because it attempts to federally criminalize the way in which the defendant treated his chronic pain patients. A way of treatment, the defendant claims, Kansas state law permitted.

The defendant again cites the court to the Supreme Court's holding in *Gonzales v. Oregon,* for the authority that, under the CSA, "the Attorney General is not authorized to make a rule declaring illegitimate a medical standard for care and treatment of patients that is specifically authorized under state law." 546 U.S. at 258 (2006). Just as the Attorney General was prohibited from criminalizing actions taken by physicians under the Oregon law permitting physician-assisted suicide the defendant argues, "the United States Attorney's office should not be able to criminalize actions permitted under Kansas law for the treatment of pain patients." (Dkt. 268, at 11).

However, *Gonzales* does not apply to the present case. In *Gonzales*, the Attorney General issued an Interpretive Rule prohibiting the dispensation of controlled substances for use in physician-assisted suicide after adjudging assisting a suicide not to be a "legitimate medical purpose."546 U.S. at 267 (2006). The Attorney General's judgment on this issue conflicted with the view of at least one state (Oregon) that permitted the

5

practice at the time. The Supreme Court struck down the Interpretive Rule on the basis that it exceeded the Attorney General's delegated authority under the CSA. *Id.*

Here, unlike *Gonzales*, the Court has before it no interpretive rule seeking to define a practice as lacking any legitimate medical purpose. Nor has the defendant identified any federal rule directly conflicting with the State's assessment of the legitimacy of that practice. Instead, in this case, the government will have to establish the defendant's conduct was inconsistent with the usual course of professional practice through witnesses and documentary proof at trial focused on the contemporary norms of the medical profession. Unlike *Gonzales*, the defendant will be free to present contrary proof that his behavior *was* consistent with the usual course of professional practice. And, again unlike *Gonzales*, the question as to what constitutes usual practice will remain, at all times, within the province of the jury, not the Attorney General or the U.S. Attorney as the defendant suggests. *see United States v. Lovern*, 590 F.3d 1095, 1100 (10th Cir. 2009).

The Court finds the indictment sufficiently apprises the defendant of the allegations he must defend against. No authority cited by the defendant supports dismissal of the indictment at this stage in the proceedings.

IT IS ACCORDINGLY ORDERED this day of July 2018, that the defendant's Motions to Dismiss Indictment (Dkt. 268) is hereby denied.

s/ J. Thomas Marten
J. THOMAS MARTEN, JUDGE
