IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

UNITED STATES OF AMERICA,
    Plaintiff,

vs.                                                         No. 16-10018-01-JTM

STEVEN R. HENSON, M.D.,
    Defendant.

MEMORANDUM AND ORDER

On the September 4, 2018, the court conducted a hearing to address the motions in limine pending before the court in this action charging violations under the Controlled Substances Act (CSA). For the reasons stated at the hearing, as further elaborated here, the court renders the following rulings as to the pending motions.

The government's Motion to Determine Admissibility Evidence of Prior Acts under Rule 404(b) (Dkt. 269) is granted in part and denied in part. The government may make reference in cross-examination, in the event the defendant provides evidence in support of his truthfulness, to the $5,000 sanction imposed by the Kansas Board of Healing Arts for allegedly assisting a colleague in evading a drug test. The court denies the government's motion as to the October 29, 2013 anonymous complaint to the state board, finding such evidence is insufficiently reliable or probative under Rules 401 and 403.

The government's motions relating to Dr. Warfield (Dkt. 312) and to records produced by the defendant (Dkt. 270) are withdrawn by the government in light of further proceedings and the course of progress of the case.

The court hereby denies the defendant's motions in limine (Dkt. 320, 322) for the reasons stated at the hearing, except that no evidence shall be introduced that individual pharmacists viewed certain prescriptions as "suspicious" or certain customers as "sketchy."

Such opinion evidence, in context of the present action, reflects conclusions grounded in the specialized knowledge of the pharmacy business. Because it has not been demonstrated to be reliable as required under Rule 702, such opinion evidence is excluded. Such pharmacists may only relate discrete *facts* they actually observed, and testify as to their own actions in contacting the DEA, but are precluded from rendering opinions that particular conduct, or certain persons, were suspicious.

Dr. Morgan may not testify as to what Dr. Henson's actual intent was, but he may as an expert testify as to what physicians with Dr. Henson's training (including Drug Addition Treatment Act training) would have known. Dr. Morgan may make reference to terms such as "legitimate medical purpose" or "contemporary norms of the medical profession," but such terms shall be defined by the court in its instructions. *See United States v. Miller*, 891 F.3d 1220, 1229 (10th Cir. 2018) (quoting *United States v. Volkman*, 797 F.3d 377, 388 (6th Cir. 2015)) (in resolving "fact-intensive" question of whether medical

actions had legitimate medical purpose under CSA, jury should "consider a broad swath of evidence," including relevant expert testimony).

The court's instructions will also alert the jury to the distinction between the civil standard of care and the higher standard for criminal liability under the CSA. Similarly, the court will instruct the jury that certain evidence, such as reports by the pharmacists to the DEA, is introduced for the purpose of explaining how the investigation began, and is not itself evidence of a violation of the CSA. Similarly, the court will instruct the jury that while it may hear -- or may have heard prior to trial — of an opioid crisis, their verdict in this action as to Dr. Henson must be determined by *the specific evidence in this case*, and that they are not to attempt to address any larger societal questions.

IT IS ACCORDINGLY ORDERED this 4th day of September, 2018, that Motions in Limine of the government and the defendant (Dkt. 269, 320, 321), are granted and part and denied in part as provided herein. The government's motions in limine (Dkt. 270, 312) are withdrawn by the government.

J. Thomas Marten<br>
J. THOMAS MARTEN, JUDGE