IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

UNITED STATES OF AMERICA,

        Plaintiff,

v.                                                Case No. 16-10018-01-JWB

STEVEN R. HENSON,

        Defendant.

**MEMORANDUM AND ORDER**

This matter is before the court on Defendant's motion to vacate sentence on Counts 19 and 20 and for pretrial and pre-sentencing release. (Docs. 605.) The motion is fully briefed and is ripe for decision. (Docs. 606, 607.) For the reasons stated herein, the motion is GRANTED IN PART and DENIED WITHOUT PREJUDICE IN PART.

**I. Background**

The parties are familiar with the history of the case and it will be discussed here only as necessary to address the instant motion. Defendant, formerly a physician, was charged by indictment with 31 counts stemming from his pain-management practice. Most of the counts alleged violations of 21 U.S.C. § 841 for unlawfully distributing controlled substances or included such violations as predicates. A jury convicted Defendant on Counts 1-14, 16, 17, 19, 20, and 26-31.[1] Defendant was sentenced by the Hon. J. Thomas Marten to a term that included life imprisonment on several counts. On direct appeal, the Tenth Circuit affirmed the convictions. *United States v. Henson*, 9 F.4th 1258 (10th Cir. 2021.) The United States Supreme Court,

---

[1] Defendant was found not guilty on counts 18 and 21-25 of the indictment and count 15 was dismissed on the motion of the government. (Doc. 434.)

however, vacated the Tenth Circuit's judgment and remanded after clarifying the mens rea requirement of § 841 in a similar case. *Henson v. United States*, 142 S. Ct. 2902 (2022). *See Ruan v. United States*, 142 S. Ct. 2370 (2022). On remand to the circuit, the parties agreed that the jury instructions in this case pertaining to the mens rea requirement of § 841 were erroneous in light of the Supreme Court's recent decisions and further agreed the erroneous instructions rendered infirm all of Defendant's convictions except counts 19 and 20. (Doc. 595 at 3.) The Tenth Circuit thus vacated the convictions on all counts except counts 19 and 20 and remanded for further proceedings. (*Id.*)

Defendant now argues the sentences on counts 19 and 20 "should be vacated and a new sentencing hearing held after the disposition of Counts 1-14, 16, 17, and 26-31." (Doc. 605 at 2.) He points out that the sentences on Counts 19 and 20 were calculated using other counts that have now been vacated. He asks the court to schedule a bond hearing and to order his release pending resentencing on counts 19 and 20. Defendant contends it would violate his due process rights to detain him pending resentencing on counts 19 and 20 because he has already served more than the maximum statutory penalty on count 20 and is approaching the statutory maximum on count 19.[2] He contends that if good time credit is considered he has completed his sentence on count 19. As for the remaining charges, Defendant argues that an examination of the factors in § 3142(f) show that he is not a flight risk or danger to the community and should be released pending trial on those counts.

---

[2] Count 19 charged Defendant with making a false writing in violation of 18 U.S.C. § 1001(a)(3). Defendant was sentenced to the statutory maximum of five years imprisonment on count 19. Count 20 charged Defendant with obstruction of a court order in violation of 18 U.S.C. § 1509. He was sentenced to the statutory maximum of one year imprisonment on Count 20. Each of these counts was ordered to run concurrently with the sentences on the remaining (now vacated) counts. (Doc. 434.) Defendant asserts that he has already served 51 months. (Doc. 607 at 4.)

In its response, the government "agrees that the Court has the discretionary power to vacate the defendant's sentence on Counts 19 and 20 for purposes of resentencing" and that the court "should exercise its discretion to vacate the sentences for Counts 19 and 20." (Doc. 606 at 1, 5.) The government argues the presumption of detention in 18 U.S.C. § 3143(a) nevertheless applies to the convictions on these counts, and that Defendant has not shown clear and convincing evidence he is not a flight risk or danger under § 3143(a). Even if the court finds Defendant has met his burden under § 3143(a), the government contends Defendant is still subject to detention under § 3142(f)(1) and (f)(2) with respect to the remaining charges and that the factors in § 3142(g) weigh in favor of detention.

## II. Analysis

The "sentencing package doctrine" provides:

> A sentence under the U.S. Sentencing Guidelines constitutes a sentencing package which takes into account all counts upon which the defendant has been convicted. When one of these counts is set aside or vacated, the district court is free to reconsider the sentencing package de novo unless the appellate court specifically limited the district court's discretion on remand.

*Ward v. Williams*, 240 F.3d 1238, 1243 (10th Cir. 2001) (quoting *United States v. Smith*, 116 F.3d 857, 859 (10th Cir. 1997)). The parties agree, and the court concurs, that the doctrine applies with respect to counts 19 and 20. Inasmuch as those counts were clearly part of a sentencing package that relied on other (now vacated) counts, the court concludes the motion to vacate the sentences on counts 19 and 20 should be granted. Defendant will be resentenced on these counts upon disposition of the remaining counts.

The vacatur of the sentence on counts 19 and 20 means Defendant is awaiting resentencing and is subject to release or detention on those counts under § 3143(a). He is awaiting trial as to the remaining counts on which the circuit vacated the convictions and is thus subject to detention or release pending trial on those counts under the standards of § 3142(a).

3

Both parties have requested a detention hearing to resolve this matter. The court concludes the matter should be referred to the magistrate judge for a determination of whether Defendant should be detained or released under the foregoing provisions.

### III. Conclusion

Defendant's motion to vacate and for release (Doc. 605) is GRANTED IN PART and DENIED IN PART. The sentence previously imposed on Defendant as to counts 19 and 20 of the indictment is hereby VACATED. Defendant's motion for release is DENIED WITHOUT PREJUDICE and the matter is referred to the magistrate judge for a determination of whether Defendant should be detained or released pending trial and resentencing. IT IS SO ORDERED this 13th day of June, 2023.

_____s/ John W. Broomes_____
JOHN W. BROOMES
UNITED STATES DISTRICT JUDGE