IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

UNITED STATES OF AMERICA,

        Plaintiff,

v.                                          Case No. 16-10018-01-JWB

STEVEN R. HENSON,

        Defendant.

## MEMORANDUM AND ORDER

This matter is before the court on the government's motion to revoke the magistrate judge's order of release. (Doc. 614.) Defendant has filed a response. (Doc. 616.) Additionally, the parties previously filed briefs addressing the detention issue. (Docs. 605, 606, 607.) For the reasons stated herein, the government's motion to revoke the order of release is DENIED.

**I. Background**

Defendant, formerly a licensed physician, was one of nine individuals charged in an indictment filed on January 12, 2016. Defendant was charged with two counts (Counts 1-2) of unlawful conspiracy to distribute prescription drugs (controlled substances) in violation of 21 U.S.C. § 846; fifteen counts (Counts 3-17) of unlawful distribution of prescription drugs outside the usual course of medical practice and without a legitimate medical purpose in violation of 21 U.S.C. § 841(a)(1) and (b)(1)(C); one count (Count 18) of possession of a firearm in furtherance of a drug trafficking crime in violation of 18 U.S.C. § 924(c); one count (Count 19) of making and using a false writing in violation of 18 U.S.C. § 1001(a)(3); one count (Count 20) of obstruction in violation of 18 U.S.C. § 1509; five counts (Counts 21-25) of engaging in unlawful money

transactions in violation of 18 U.S.C. § 1957; six counts (Counts 26-31) of money laundering in violation of 18 U.S.C. § 1956(a)(1)(A)(i); and various forfeiture allegations. (Doc. 1.)

Defendant was released on bond while pretrial matters continued for more than two years. Trial began on October 2, 2018. The jury returned a verdict on October 23, 2018, finding Defendant not guilty on Counts 18 and 21-25, and guilty on the remaining counts presented.[1] (Doc. 373.)

At sentencing on March 8, 2018, the Hon. J. Thomas Marten ruled on various objections and imposed a controlling sentence of life imprisonment on Count 17 (a distribution count which alleged that the distribution resulted in the death of an individual). He imposed a sentence of 240 months on the remaining distribution counts, 60 months imprisonment on Count 19, and 12 months on Count 20, all counts to run concurrently. Defendant's bond was revoked and he was taken into custody at the conclusion of sentencing. (Doc. 465.)

Defendant filed a direct appeal. The Tenth Circuit initially affirmed the convictions and sentence (Doc. 557), but a petition for writ of certiorari was granted, and the Supreme Court vacated the judgment and remanded to the Tenth Circuit in light of *Ruan v. United States*, 142 S. Ct. 2370 (2022). *Ruan* addressed language in 21 U.S.C. § 841 making it a crime to "knowingly or intentionally" distribute controlled substances "except as authorized," and held that in the case of a physician who is licensed to distribute controlled substances, the government's burden of proof includes showing beyond a reasonable doubt that the defendant knowingly or intentionally acted in an unauthorized manner. *Id*. at 2376. Upon remand to the Tenth Circuit, the parties agreed the jury instructions given at trial were erroneous in light of *Ruan*, such that all of Defendant's counts of conviction should be vacated except Counts 19 and 20. (Doc. 595 at 3.) The Tenth Circuit

---

[1] Count 15 was dismissed by motion of the government on July 18, 2017. (Doc. 434.)

accordingly remanded with directions to vacate all counts of conviction except Counts 19 and 20 and to conduct further proceedings consistent with its order. (*Id.* at 4.[2]) On June 13, 2023, the court granted Defendant's motion to vacate the sentences on Counts 19 and 20, noting the sentences on those counts were part of a sentencing package and thus should be reconsidered after disposition of all counts. (Doc. 608.) The court denied without prejudice Defendant's motion for release pending re-sentencing on Counts 19 and 20 and pending re-trial on the vacated counts of conviction, referring the detention issue to the magistrate judge. (*Id.*)

Magistrate Judge Kenneth G. Gale conducted a detention hearing on July 7, 2023, at which he addressed the government's motion for detention. (Docs. 609-11.) The transcript of the hearing shows the government argued Defendant is subject to the standards of 18 U.S.C. § 3143(a), because he is awaiting resentencing on Counts 19 and 20, and he accordingly bears a burden of showing by clear and convincing evidence that he is not a flight risk or danger. (Doc. 615 at 4.) If Defendant meets that burden, the government argued the provisions of § 3142 apply with respect to the remaining charges, including a presumption of flight risk and danger based on probable cause to believe Defendant committed an offense under the Controlled Substances Act for which a maximum term of ten years or more is prescribed, but with the burden ultimately on the government to prove flight risk and danger. (*Id.*) *See* 18 U.S.C. § 3142(e)(3)(A). Defendant agreed that those standards apply in this matter. (Doc. 615 at 5.)

With respect to Counts 19 and 20, Count 19 carries a 60-month (five year) statutory maximum penalty and Count 20 carries a maximum 12-month (one year) penalty. Defendant was

---

[2] The Tenth Circuit's mandate indicated it was ordering the vacatur of the counts of conviction except for Counts 19 and 20. (Doc. 595 at 3.) The mandate instructed this court to vacate the counts of conviction except for 19 and 20. (*Id.* at 4.) Although the record currently reflects that this court's prior judgment was partially vacated by the Tenth Circuit mandate (see Doc. 434), and the parties and court have understood that the counts of conviction except for 19 and 20 have been vacated, the court has apparently not yet entered a formal order vacating the appropriate counts. The court does so now, and hereby orders that the convictions on Counts 1-14, 16, 17, and 26-31 reflected in the judgment in Doc. 434 are hereby vacated, nunc pro tunc as of March 24, 2023. (See Doc. 595.)

initially sentenced to 60 and 12 months, respectively, on these counts, with the sentences running concurrently. Defendant asserts – and the government has not refuted – that with the application of good time credits, he would have been required to serve about 51 months to satisfy the sentence on these two counts, and that he has essentially served that amount of time. (Doc. 605 at 3.) At the detention hearing before the magistrate judge, Defendant argued this fact provides evidence he is not likely to flee, because it would make no sense to flee to avoid a penalty he has already served. (Doc. 615 at 6-7.) He further argued his performance on pretrial release before the trial and up to the time of sentencing shows that his release poses no flight risk or danger to the community. Defendant points out that he appeared for sentencing although he was facing a 20-year minimum sentence after being convicted at trial. (*Id.* at 8.) With respect to danger, Defendant argued that he no longer has the ability to write prescriptions, and his release thus poses no danger of engaging in conduct of the type charged. (*Id.* at 9.) Defendant also cited his age and medical condition (including an asserted need for a heart procedure), as well as the fact he surrendered his passport, as factors diminishing any risk of flight or danger. (*Id*. at 10.)

In response, the government noted Defendant was brought before Judge Marten on a bond violation hearing because he issued two prescriptions while he was on pretrial release. Although his bond was not revoked, the government argued that this shows "the defendant still thought that he was sort of above the law." (*Id.* at 11.) The government argued the fact that Defendant did not flee before sentencing does not provide clear and convincing evidence he will not flee now, because at the time he had a pending motion for new trial, and the life sentence imposed on him after trial now puts him "in a posture where he is fully aware of … what the potential and what he's likely to face" and, as a result, "he's very likely to flee." (*Id.* at 13-14.) The government also noted Defendant previously traveled to twelve different countries where he provided medical

services, including to three countries that do not have extradition treaties with the United States, and argued he could "very well get … to a number of these places … and sort of restart his life being a non-legitimate doctor…." (*Id.* at 14.) The government also noted Defendant's obstruction conviction on Count 20 involved Defendant calling the police during a DEA search of his house to falsely suggest he was being robbed.

In rebuttal, Defendant proffered that his foreign travel involved missionary work providing medical care to impoverished children and that he has since surrendered his passport. (*Id.* at 16.) Defendant argued that his defense to the distribution charges is based on his belief that he had authority to prescribe the substances and that the defense is much stronger in light of the *Ruan* ruling. He asserted that the violation issue while he was on pretrial release arose because he wrote two prescriptions for non-controlled substances under the authority of his Oklahoma (not his Kansas) license and that Judge Marten found no violation of his release conditions.

Judge Gale found Defendant had met his burden under §3143(a) of showing by clear and convincing evidence that he was not a flight risk or a danger. He noted Defendant's performance on release for over two years before his trial and found it was the best evidence pertaining to flight risk. (*Id.* at 19-20.)

When asked to provide information on the § 3142(g) factors, the government argued that Defendant had not presented anything to overcome the presumption of detention in § 3142(e)(3)(A). It asserted that Defendant's plan of living with his father "is not really anything" and suggests Defendant is "going to sit there and … work on [his]defense." (*Id.* at 22.) It argues the nature of the offense involving drug distribution that resulted in death favors detention and that the evidence is strong and "has only been improved by the defendant's own testimony from trial." It further contends evidence of Defendant prescribing large quantities and dangerous

5

combinations of controlled substances without proper investigation or screening is strong, and includes testimony from an undercover agent and from co-defendants. (*Id.* at 25-31.)

**II. Standards**

Pursuant to 18 U.S.C. § 3145(a)(1), the government may seek review of a magistrate judge's order of release. The district court's review of a magistrate judge's order of release is de novo. *United States v. Cisneros*, 328 F.3d 610, 616 n. 1 (10th Cir. 2003). A de novo evidentiary hearing, however, is not required. The district court may either "start from scratch and take relevant evidence or incorporate the record of the proceedings conducted by the magistrate judge including the exhibits admitted." *United States v. Collier*, No. 12-20021-09, 2012 WL 4463435, at *1 (D. Kan. Sept. 27, 2012) (citing *United States v. Torres*, 929 F.2d 291, 292 (7th Cir. 1991)). The Federal Rules of Evidence do not apply to detention hearings. *See* 18 U.S.C. § 3142(f). The court may allow the parties to present information by proffer or it may insist on direct testimony. *See id*.

Section 3143(a) provides in part that a person who has been found guilty and is awaiting imposition of sentence, other than a person for whom the applicable guideline does not recommend imprisonment, shall be detained unless the judge "finds by clear and convincing evidence that the person is not likely to flee or pose a danger to the safety of any other person or the community is released…." 18 U.S.C. § 3143(a).

Section 3142(a) provides in part that a person charged with an offense shall be detained or released pending trial.  Under the Bail Reform Act of 1984, the court must order a defendant's pretrial release, with or without conditions, unless it "finds that no condition or combination of conditions will reasonably assure the appearance of the person as required and the safety of any other person and the community." 18 U.S.C. § 3142(e). In making this determination, the court must take into account the available information concerning

> (1) The nature and circumstances of the offense charged, including whether the offense ... involves a [ ] firearm ...;
>
> (2) the weight of the evidence against the person;
>
> (3) the history and characteristics of the person, including-
>
> (A) the person's character, physical and mental condition, family ties, employment, financial resources, length of residence in the community, community ties, past conduct, history relating to drug or alcohol abuse, criminal history, and record concerning appearance at court proceedings; and
>
> (B) whether, at the time of the current offense or arrest, the person was on probation, on parole, or on other release pending trial, sentencing, appeal, or completion of sentence for an offense under Federal, State, or local law; and
>
> (4) the nature and seriousness of the danger to any person or the community that would be posed by the person's release.

18 U.S.C. § 3142(g).

The Bail Reform Act provides a rebuttable presumption of risk of flight and danger to the community when a defendant is charged with an offense under the Controlled Substances Act for which the maximum term of imprisonment is ten years or more. See 18 U.S.C. § 3142(e)(3)(A). Defendant is charged with such offenses in this case. "A grand jury indictment provides the probable cause required by the statute to trigger the presumption." *United States v. Walters*, 89 F. Supp. 2d 1217, 1220 (D. Kan. 2000) (citing *United States v. Quartermaine*, 913 F.2d 910, 916 (11th Cir. 1990)).

The burden of production on Defendant to overcome the presumption is not a heavy one, but Defendant must produce some evidence. *United States v. Stricklin*, 932 F.2d 1353, 1355 (10th Cir. 1991). Even if Defendant overcomes the presumption, the presumption remains a factor in the court's detention decision. *Id*. The burden of proof remains with the government to show that no condition or combination of conditions would reasonably assure the accused's presence in later proceedings and/or the safety of other persons and the community. *United States v. Lutz*, 207 F.

7

Supp. 2d 1247, 1251 (D. Kan. 2002) (burden of persuasion regarding risk of flight and danger to community always remains with government). The government must prove dangerousness to any other person or the community by clear and convincing evidence. *Id*. at 1252

### III. Analysis

The court has reviewed the record, including the transcript of the detention hearing before the Magistrate Judge, the parties' briefs, and the other materials in the record, and concludes that an additional hearing before this court is unnecessary. *See Collier*, 2012 WL 4463435, at *1 (The district court may either "start from scratch and take relevant evidence or incorporate the record of the proceedings conducted by the magistrate judge including the exhibits admitted.")

The court concludes Defendant has met his burden under § 3143(a) to show by clear and convincing evidence that he is not likely to flee or pose a danger to the public if he is released pending sentencing. The court further concludes Defendant has rebutted the presumption of detention under § 3142(e)(3)(A), and that the government has failed to show that no conditions or combination of conditions will reasonably assure Defendant's appearance as required and the safety of the community.

With respect to the two charges on which Defendant has been convicted and is awaiting sentencing, the fact that Defendant has already served all or nearly all of any sentence he is likely to receive on these particular counts weighs against the inference underlying § 3143(a) – *i.e.*, that a convicted person knows he is likely to receive a prison sentence and therefore is more likely to flee before sentencing to escape punishment. That inference is not supported by the present circumstances. Defendant has essentially served his time on the counts of conviction, making his situation at least analogous to a person for whom the applicable guideline does not recommend imprisonment. *See* 18 U.S.C. § 3143(a). *Cf. United States v. Johnson*, 652 F. App'x 619, 621 (10th

Cir. 2016) (defendant's argument that he was unlikely to receive prison sentence on conviction "disregards the district court's conclusion that there is 'a substantial likelihood' of incarceration in more than the 0–to–6 month range after enhancements.") Moreover, Defendant has presented strong evidence that he is not likely to flee or pose a danger. This includes evidence of a long-term presence in and ties to the community, the absence of any prior criminal record or record of failing to appear, and successfully complying with a prior order of release that was in effect for several years, at the conclusion of which Defendant appeared for the sentencing despite facing a minimum sentence of twenty years imprisonment. Of course, Defendant faces a number of other serious charges, and the prospect that he could receive a significant prison sentence on those counts if he is convicted at trial is still a relevant consideration in the determination of whether there is a risk of flight. As the court discusses below, however, that prospect is not sufficient to outweigh evidence showing Defendant is not a flight risk or danger. In sum, Defendant has presented evidence strongly supporting a likelihood that he will appear as required if he is released and that his release will not pose a danger to the community.

      1. <u>The nature and circumstances of the offense charged.</u> The nature of the charges still pending against Defendant are extremely serious in nature. They include numerous distribution charges for improperly prescribing controlled substances, including one alleging that the distribution resulted in the death of an individual. The potential penalties for these offenses are significant and reflect their serious nature. The nature and circumstances of the offenses charged weigh in favor of a finding of detention.

      2. <u>The weight of the evidence against the person.</u> Based on the government's proffer, the court concludes the weight of the evidence against Defendant is strong. According to the government the evidence includes proof that Defendant prescribed high doses and large quantities

of opiates and other controlled substances (sometimes in dangerous combinations); evidence that Defendant accepted cash in lieu of insurance on very expensive prescriptions; testimony of a DEA agent who acted in an undercover capacity as a patient to obtain a controlled substance prescription with only a cursory review by Defendant; testimony of co-defendants and others; and evidence that Defendant continued to prescribe controlled substances to patients after he was notified of possible diversion of the substances. This factor weighs in favor of detention.

       3. The history and characteristics of the person. Defendant has long resided in Kansas and has significant ties to this community. Defendant's father lives in Hesston, Kansas, and has verified a release plan under which Defendant would live with him if released. The father reports there are no firearms in the residence. Defendant's wife and adult children live in the Wichita area. Defendant's marriage reportedly remains intact. Defendant has proffered evidence that he suffers from some health problems that require treatment. No evidence or indication is present that Defendant has any history of substance abuse. Defendant has no significant criminal history. He was not on any kind of supervision at the time of the alleged offenses. Significantly, Defendant was on pretrial release in this case for over two years, did not violate the conditions of release, and appeared as required for all hearings, including sentencing, when he was certain to receive a substantial prison term. The government notes that Defendant was brought in at one point for a violation hearing after it was discovered that he had issued two prescriptions while on release. Defendant apparently asserted that he did so under the authority of his Oklahoma license rather than his then-suspended Kansas license. At any rate, the court determined that Defendant had not violated his conditions and continued his release up until sentencing. These factors weigh strongly in favor of release.

Defendant also has some history of international travel. The record indicates this was done primarily for the purpose of medical missionary work. Defendant has now surrendered his passport. The government suggests Defendant could still attempt to flee to another country, but that argument is based largely on speculation. Defendant's history, characteristics, and prior performance on release indicate he is not likely to flee if released pending resolution of this case.

4. <u>Danger to any person or community.</u>  The government also asserts that Defendant's release would pose a danger to others, but that argument too is based largely on speculation. The danger relating to the conduct charged in the indictment sprang from the fact that, at the time, Defendant was licensed to dispense controlled substances.  Defendant no longer has a medical license or license to dispense controlled substances. That fact diminishes any risk of harm to others posed by Defendant's release. Nothing in the record indicates that Defendant would pose a danger to others if released on the conditions stated by the magistrate judge.

**IV. Conclusion**

The government's motion to revoke the magistrate judge's order of release (Doc. 614) is DENIED. The magistrate judge's order setting conditions of release (Doc. 612) is AFFIRMED and remains in effect. Defendant is ordered released after processing, pending further appearance in this matter, in accordance with the magistrate judge's order and the bond posted by Defendant.

IT IS SO ORDERED this 19th day of July, 2023.

                                                                            s/ John W. Broomes
                                                            JOHN W. BROOMES
                                                            UNITED STATES DISTRICT JUDGE