IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

UNITED STATES OF AMERICA,

        Plaintiff,

v.                                                  Case No. 16-10018-01-JWB

STEVEN R. HENSON,

        Defendant.

**MEMORANDUM AND ORDER**

This matter is before the court on the government's motion for reconsideration. (Doc. 618.) The government argues the court should reconsider its affirmance of the magistrate judge's order releasing Defendant on bond pending trial. Defendant has filed a response. (Doc. 620.) The court orally denied the motion at the status conference of August 4, 2023. (Doc. 623.) This written order will supplement the court's oral ruling. For the reasons stated below, the motion for reconsideration is DENIED.

**I. Standards**

The Federal Rules of Criminal Procedure do not authorize a motion for reconsideration. *United States v. Warren*, 22 F.4th 917, 922 (10th Cir. 2022) (citing *United States v. Randall*, 666 F.3d 1238, 1241 (10th Cir. 2011)). The Tenth Circuit has nonetheless held that "[m]otions to reconsider are proper in criminal cases." *Id*. (quoting *United States v. Christy*, 739 F.3d 534, 539 (10th Cir. 2014)). As *Warren* noted, "[t]he Supreme Court has recognized motions for reconsideration in criminal proceedings at least since *United States v. Healy*," 376 U.S. 75, 77–78 (1964). *Warren*, 22 F.4th at 922 (citation omitted). The specific grounds which allow granting such

motions include "(1) an intervening change in the controlling law, (2) new evidence previously unavailable, and (3) the need to correct clear error or prevent manifest injustice." *United States v. Huff*, 782 F.3d 1221, 1224 (10th Cir. 2015). But "[a] motion to reconsider is not a second chance for the losing party to make its strongest case or to dress up arguments that previously failed." *Id*.

## II. Analysis

The government first argues the court should grant reconsideration because it "failed to allow the victim to address the Court regarding release, as required under the Crime Victims Rights Act in 18 U.S.C. § 3771(a)(4)." (Doc. 618 at 1.) The government "contends that not holding a hearing [on its motion for revocation] … violated the victim's right to be heard under § 3771(a)(4) … and requires this Court [to] reconsider its order." *Id.* at 2.

Section 3142(f)(2) generally requires a magistrate judge to hold a detention hearing in the first instance. The magistrate judge did so here. As Defendant points out, there were victims present at the magistrate judge's hearing, but neither they nor the government asserted that the victims wished to be heard on the issue of release. Section 3145(a) provides that the attorney for the government may move for revocation of a magistrate's order of release and states only that "[t]he motion shall be determined promptly." The government filed such a motion here but again gave no indication that any victim wanted to be heard in connection with this court's determination of the motion. Nothing in § 3145(a) requires a public hearing on a motion for revocation of a release order, and as the court indicated in its prior order, case law holds that a district court has discretion in determining whether any further hearing is necessary. In this instance, the court determined that a hearing where the parties reiterated the same arguments previously made to the magistrate judge was unnecessary. Under the circumstances, the court is not persuaded that its failure to hold a hearing on the motion was error or that it merits reconsideration. Victims have a

right "to be reasonably heard at any public proceeding in the district court involving release" (18 U.S.C. § 3771(a)(4)), but in this instance a "public proceeding" on the motion for revocation was not held. Moreover, the limitations in § 3771(d)(5) suggest, by analogy, that a failure to afford a right under the Crime Victims Rights Act does not provide a basis for reconsideration unless "the victim has asserted the right to be heard before or during the proceeding at issue and such right was denied." No such assertion was made here before this court issued its ruling affirming the magistrate's order. The court accordingly rejects this argument as a basis for reconsideration.

The government next argues the court misapprehended its position that Defendant's obstruction and false statement convictions showed his release would pose a danger to law enforcement. (Doc. 618 at 3.) The court understood that position but found it too speculative to support an inference of danger to others from his release on bond, particularly in view of Defendant's prior performance on bond for an extended period. Nor did the court misunderstand the government's suggestion that it would present its arguments for detention at a later hearing if the court were to initially find Defendant rebutted the presumption of detention. (*Id.*) Inasmuch as the record and the briefs showed no further hearing was needed, the court exercised its discretion and promptly determined the motion without a hearing. The government cannot show the need for a hearing by holding its arguments in reserve.

The government next contends the court disregarded Defendant's convictions for obstruction and false statement in this case when it stated that "Defendant has no significant criminal history." (*Id.* at 4.) The history referred to, however, was the Defendant's history prior to the instant case. The court did not disregard the above convictions, which were specifically mentioned in the court's order.

Lastly, the government argues that the court misapprehended Judge Marten's "perspective" of Defendant's performance on bond and should reconsider "in light of a more fulsome understanding of Judge Marten's substantial reevaluation of the defendant's history and characteristics." (*Id.*)  The court noted in its prior order – and the government does not dispute – that Judge Marten did not revoke Defendant's bond and found no violation of the terms of that bond while Defendant was on release. That was the salient point, as far as the court was concerned, and nothing about it merits reconsideration of the court's prior order. (*See* Doc. 617 at 10) ("At any rate, [Judge Marten] determined that Defendant had not violated his conditions and continued his release up until sentencing.")

### III. Conclusion

The government's motion for reconsideration (Doc. 618) is DENIED. IT IS SO ORDERED this 8th day of August, 2023.

s/ John Broomes

JOHN W. BROOMES
UNITED STATES DISTRICT JUDGE