IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| UNITED STATES OF AMERICA, | |
| Plaintiff, | |
| v. | Case No. 16-10018-JWB |
| STEVEN R. HENSON, M.D., | |
| Defendant. | |

**MEMORANDUM AND ORDER**

This matter is before the court on Defendant's motion to dismiss the indictment (Doc. 635). The United States has filed a response (Doc. 640), and the court has heard oral argument from the parties on the motion, so the motion is ripe for review. The court DENIES the motion for the reasons stated herein.

**I.   Background**

Defendant Steven R. Henson, M.D. was convicted by a jury on counts 1–14, 16, 17, 19–20, and 26–31 of a federal indictment on charges involving *inter alia* violations of 21 U.S.C. § 841. (Docs. 373, 434.) The Tenth Circuit affirmed the convictions. (Doc. 595 at 2.) The Supreme Court vacated that decision based on its intervening decision in *Ruan v. United States*, 597 U.S. 450 (2022). *Henson v. United States*, 142 S. Ct. 2902 (2022). On remand, the Tenth Circuit vacated Defendant's convictions for counts 1–14, 16, 17, and 26–31 and remanded to the court for further proceedings. (Doc. 595 at 4.) Defendant now moves to dismiss the indictment based on *Ruan* and *United States v. Kahn*, 58 F.4th 1308 (10th Cir. 2023) ("*Kahn II*").

**II.   Standard**

An indictment "must be a plain, concise, and definite written statement of the essential facts constituting the offense charged." Fed. R. Crim. P. 7(c)(1). An indictment is subject to

dismissal for "failure to state an offense." Fed. R. Crim. P. 12(b)(3)(B)(v). "An indictment is sufficient if it (1) contains the essential elements of the offense intended to be charged, (2) sufficiently apprises the accused of what he must be prepared to defend against, and (3) enables the accused to plead a judgment under the indictment as a bar to any subsequent prosecution for the same offense." *United States v. Brown*, 925 F.2d 1301, 1304 (10th Cir. 1991).

### III.    Analysis

Defendant makes several arguments for dismissal, one of which is specifically foreclosed by *United States v. Moore*, 423 U.S. 122 (1975). (Doc. 635 at 20–25.) Essentially, Defendant argues that the plain text of the Controlled Substances Act indicates that a person cannot be prosecuted for distributing controlled substances for which he is registered to distribute. And, because Defendant was registered at the time he prescribed the substances, he cannot be prosecuted. A plain reading of the relevant statutes supports Defendant's position:

> Except as authorized by this subchapter, it shall be unlawful for any person knowingly or intentionally—
>
> (1) to manufacture, distribute, or dispense, or possess with intent to manufacture, distribute, or dispense, a controlled substance

§ 841(a)(1). The statutory scheme defines authorized activities as follows:

> Persons registered by the Attorney General under this subchapter to manufacture, distribute, or dispense controlled substances or list I chemicals are *authorized* to possess, manufacture, distribute, or dispense such substances or chemicals (including any such activity in the conduct of research) to the extent authorized by their registration and in conformity with the other provisions of this subchapter.

21 U.S.C. § 822(b) (emphasis added). In *United States v. Moore*, 505 F.2d 426 (D.C. Cir. 1974), *rev'd*, 423 U.S. 122 (1975), the United States Court of Appeals for the District of Columbia concluded that a physician registered under the Controlled Substances Act was not subject to prosecution under § 841. *Id.* at 427. Instead, Congress intended that registrants were to be held

2

accountable for improper dispensing and distribution of controlled substances under §§ 842 and 843.  *Id.* at 430.  ("In contrast to §§ 842 and 843, § 841 does not mention 'registrants' as the focus of any of its provisions. . . .  This broad outline strongly suggests that Congress intended to deal with registrants primarily through a system of administrative controls, relying on modest penalty provisions to enforce those controls, and reserving the severe penalties provided for in § 841 for those seeking to avoid regulation entirely by not registering.").  However, upon further review, the Supreme Court concluded that Congress could not possibly have meant that.  *Moore*, 423 U.S. at 131–32 ("We think the statutory language cannot fairly be read to support the view that all activities of registered physicians are exempted from the reach of § 841 simply because of their status.")  Instead, the Supreme Court engrafted a standard into the act based on the Harrison Act.  *Id.* at 139–42.  Thus, registrants are subject to prosecution under § 841 when operating outside the usual course of professional practice.  *Id.* at 124.  Therefore, although the court is inclined to agree with Defendant based on the language of the statute that Congress may never have intended that registrants could be prosecuted under § 841, the court remains bound by *Moore*, so it next addresses Defendant's argument that *Ruan* and *Kahn II* require dismissal of the indictment.  (Doc. 635 at 14–17.)

Defendant argues that the indictment fails to allege that he knew or intended to act in an unauthorized manner when he distributed controlled substances.  (*Id.* at 14–15.)  Furthermore, Defendant asserts that once an indictment charges someone as distributing controlled substances with a Drug Enforcement Administration registration, the government must address the elements that would make the activity unlawful despite the registration.  (*See id.* at 17.)  The government argues in response that *Ruan's* analysis shows that § 885 absolves the government from having to allege exceptions to § 841's prohibition on distributing controlled substances.  (Doc. 640 at 6.)

3

Thus, the government is not obligated to plead lack of authorization or knowledge thereof in the indictment. (*Id.* at 6–7.)

Under § 841, "[e]xcept as authorized by this subchapter, it shall be unlawful for any person knowingly or intentionally—(1) to manufacture, distribute, or dispense, or possess with intent to manufacture, distribute, or dispense, a controlled substance." § 841(a)(1). In *Ruan*, the Supreme Court held that the knowingly or intentionally *mens rea* requirement for a violation of § 841 applies to the "except as authorized" clause. 597 U.S. at 457. Therefore, "once a defendant meets the burden of producing evidence that his or her conduct was 'authorized,' the Government must prove beyond a reasonable doubt that the defendant knowingly or intentionally acted in an unauthorized manner." *Id.*

As an initial matter, the court disagrees with the government's argument that it need not allege lack of authorization in the current indictment due to § 885. But the court nevertheless concludes that the indictment states an offense.

The government must allege a knowing or intentional unauthorized action in its indictment under these facts. Section 885 reads as follows:

> It shall not be necessary for the United States to negative any exemption or exception set forth in this subchapter in any complaint, information, indictment, or other pleading or in any trial, hearing, or other proceeding under this subchapter, and the burden of going forward with the evidence with respect to any such exemption or exception shall be upon the person claiming its benefit.

21 U.S.C. § 885(a)(1). The Supreme Court, in analyzing this provision, articulated,

> Section 885 simply absolves the Government of having to allege, in an indictment, the inapplicability of *every statutory exception* in each Controlled Substances Act prosecution. Section 885 also shifts the burden of production—but not the burden of persuasion—regarding statutory exceptions to the defendant, thereby relieving the Government of having to disprove, at the outset of every prosecution, *the inapplicability of all exceptions*.

4

*Ruan*, 597 U.S. at 452 (emphasis added). Thus, it appears that here, where the government chose to charge Defendant as a doctor registered to dispense controlled substances under the Controlled Substances Act, the government must allege lack of authorization and knowledge thereof to sufficiently state the elements of the offense. In other words, although § 885 states that the government is not *required* to negate exceptions in the indictment that might preclude conviction under § 841, when the government elects to address such an exception in the indictment, it is required to do so in a manner that states an offense. *See* Fed. R. Crim. P. 7(c)(1); 12(b)(3)(B)(v). Therefore, the government is obliged to allege knowing unauthorized activity in this case.

The court nevertheless concludes that the indictment sufficiently states the elements of the offense. Following remand from the Supreme Court, the Tenth Circuit in *Kahn II* held that it was reversible error to instruct a jury that a doctor could be convicted under § 841 for either issuing a prescription while subjectively knowing that it was not for a legitimate medical purpose or issuing a prescription that was objectively not in the usual course of professional practice. 58 F.4th at 1316. The instructions "did not require the jury to decide whether [the defendant] knowingly or intentionally acted without authorization." *Kahn II*, 58 F.4th at 1320.

Here, however, the case is at the indictment phase. And the indictment adequately addresses scienter. For example, in Count 3, the indictment states that Defendant "did knowingly and intentionally distribute, dispense, and possess with the intent to distribute prescription drugs . . . outside the usual course of professional medical practice and without a legitimate medical purpose." (Doc. 1 at 11.) If the Supreme Court in *Ruan* could conclude that a knowing and intentional scienter requirement applies to the "except as authorized" clause *preceding* that scienter requirement in § 841, it seems no great stretch to think a fair reading of the indictment would apply the knowing and intentional scienter to the entirety of the actions thereafter. *Cf.*

5

*United States v. Spayd*, 627 F. Supp. 3d 1058, 1063 (D. Alaska 2022) (finding superseding indictment sufficient under *Ruan* when it alleged the defendant "'while acting and intending to act outside the usual course of professional practice and without a legitimate medical purpose, wrote and dispensed prescriptions' for controlled substances").

Furthermore, the indictment is charging a knowing and intentional violation of § 841 by defining authorization consistent with 21 C.F.R. § 1306.04, which states that prescriptions "must be issued for a legitimate medical purpose by an individual practitioner acting in the usual course of his professional practice."  And neither *Ruan* nor *Kahn II* question that the regulatory definition of authorization governs.  Neither case dealt with the definition of authorization.  Rather, both assumed the regulatory definition applied, and then analyzed whether a scienter requirement applied to that definition.  *Ruan*, 597 U.S. at 455 ("We assume, as did the courts below and the parties here, that a prescription is 'authorized' and therefore lawful if it satisfies [§ 1306.04]."); *Kahn II*, 58 F.4th at 1316 ("*Ruan* treats the two criteria in § 1306.04(a) not as distinct bases to support a conviction, but as 'reference to objective criteria' that may serve as circumstantial evidence of a defendant's subjective intent to act in an unauthorized manner.").  Therefore, the court cannot hold that the indictment fails to allege lack of authorization unless it holds that § 1306.04's definition for authorization is invalid.  The court declines to do so at the indictment phase.  Defendant was on notice that he was being charged with knowingly acting in an unauthorized manner because the indictment tracked the language of the regulation that purports to define an authorized prescription, and the relevant cases make that connection clear.  *See, e.g., Ruan*, 597 U.S. at 467 (citing § 1306.04(a)) ("And *the regulation defining the scope of a doctor's prescribing authority* does so by reference to objective criteria such as 'legitimate medical purpose' and 'usual course' of 'professional practice.'" (emphasis added)); *Kahn II*, 58 F.4th at

1314 (citing § 1306.04) ("A federal regulation provides that, to be 'authorized,' '[a] prescription for a controlled substance . . . must be issued for a legitimate medical purpose by an individual practitioner acting in the usual course of his professional practice.'"); *id.* at 1319 (citation omitted) ("Here, the government is correct that the Supreme Court has acknowledged that 'the scope of a doctor's prescribing authority' remains tethered 'to objective criteria such as "legitimate medical purpose" and "usual course" of "professional practice."'")  Even if Defendant is correct that the regulation cannot lawfully define what it means to be authorized under § 841, it is clear from the case law that the regulation purports to do precisely that, and the government's use of the regulatory definition in place of the actual words "authorized" or "unauthorized" is sufficient to put Defendant on notice of the charge.

Defendant argues attaching a scienter requirement to the regulatory language is insufficient because *Kahn II* declared that "both" approaches under the regulation were counter to *Ruan*. (Doc. 635 at 6 (citing *Kahn II*, 58 F.4th at 1316).)  But *Kahn II* merely overrules the prior practice of instructing juries that the regulation provides two options for conviction.  As construed under *Ruan* and *Kahn II*, the regulation provides objective criteria for analyzing scienter in addition to defining what is objectively unauthorized.  Furthermore, while Defendant argues that the Attorney General is not authorized by Congress to determine the criteria for authorization, (*id.* at 8–17), Defendant provides no alternative definition in his briefing.  Consequently, under Defendant's view of the law, without the regulatory definition of authorization, the only other requirement for authorization under the statute would be a valid DEA registration.  This would exempt Defendant from prosecution under § 841 based solely on his DEA registration, a result squarely at odds with the Supreme Court's holding in *Moore*. Moreover, Defendant conceded at oral argument that *Moore* is still good law, even after *Ruan*.  Given the prevailing assumption that § 1306.04 defines authority and Defendant's concession at oral argument that *Moore* requires more than mere registration for a prescription to be authorized under

7

the Controlled Substances Act, the court holds that the indictment states an offense. Accordingly, the court denies the motion to dismiss the indictment.[1]

## IV.     Conclusion

The court therefore DENIES the motion to dismiss. (Doc. 635.)

IT IS SO ORDERED.

Dated: January 5, 2024                          /s/John W. Broomes
                                                JOHN W. BROOMES
                                                UNITED STATES DISTRICT JUDGE

---

[1] Defendant also seeks to raise the arguments he made in his pre-remand motion to dismiss (Doc. 268). (Doc. 635 at 1.) The court declines to address those arguments beyond its prior order. (Doc. 314.)