IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| UNITED STATES OF AMERICA, | |
| Plaintiff, | |
| v. | Case No. 16-10018-JWB |
| STEVEN R. HENSON, M.D., | |
| Defendant. | |

## MEMORANDUM AND ORDER

This matter is before the court on Defendant's motion for release pending sentencing (Doc. 681). The time for the United States to file a response has passed, so motion is ripe for review. The court DENIES the motion for the reasons stated herein.

Defendant Steven R. Henson pleaded guilty to a lengthy list of drug trafficking and money laundering charges pursuant to a plea agreement with the United States. (Docs. 678, 679.) The court heard argument about committal at that time from the parties. The court ordered Defendant detained pending sentencing under 18 U.S.C. § 3143(a)(2). Defendant now moves for release under 18 U.S.C. § 3145.

> A person subject to detention pursuant to section 3143(a)(2) . . . who meets the conditions of release set forth in section 3143(a)(1) . . . may be ordered released, under appropriate conditions, by the judicial officer, if it is clearly shown that there are exceptional reasons why such person's detention would not be appropriate.

18 U.S.C. § 3145(c). Exceptional means uncommon or rare. *United States v. Wages*, 271 F. App'x 726, 727 (10th Cir. 2008). Determining whether exceptional reasons justify release is a case-by-case inquiry. *Id.* It is a rare case where health conditions are sufficient to constitute an exceptional reason for release. *Id.* at 728. (citations omitted).

Here, Defendant first argues that he is not a typical drug offender. (Doc. 681 at 4.) He has demonstrated he is not a flight risk, and he can no longer harm the public because he can no longer prescribe substances. (*Id.* at 5.) But lack of danger to the community is already "a predicate condition of § 3143(a)(1), and thus it does not establish an 'exceptional reason,' at least without some degree to make it extraordinary[.]" *Wages*, 271 F. App'x at 728 (citing *United States v. Koon*, 6 F.3d 561, 564 (9th Cir. 1993) (Rymer, J., concurring)). Nor is it particularly rare or uncommon for an individual to comply with release conditions in the prior stages of a case.

Defendant then turns to his health conditions. (Doc. 681 at 6–8.) He notes that he suffered a detached retina in his right eye while previously incarcerated. (*Id.* at 6.) Due to a lack of timely treatment, he now can only see light and dark in his right eye. (*Id.*) Defendant has since developed similar issues with his left eye while on release. (*Id.* at 7.) Defendant also suffers from cardiology issues and may require a new medical device in his heart. (*Id.*) Defendant is also the primary caregiver for his aging father. (*Id.*)

Immediately following the change of plea hearing conducted on February 26, 2024, the court took up the issue of Defendant's detention pursuant to 18 U.S.C. § 3143. Defendant asserted at that hearing that that very morning he experienced changes in his vision in his left eye consistent with a detached retina. He also alleged that he had an appointment scheduled with his cardiologist four days later. Based on both those medical concerns, he argued for release on bond pending sentencing. The court denied that request, noting that under 18 U.S.C. § 3143(a)(2), detention was mandatory based on his offenses of conviction. Nevertheless, the court was concerned with Defendant's access to medical care and, promptly after the hearing, directed the United States Marshals Service to have Defendant seen by appropriate medical professionals regarding his eye. Later that same day the Marshals informed the court that Defendant was taken to an emergency

room and evaluated by either an ophthalmologist or other physician with expertise in eye care, who determined that Defendant did not have a detached retina. Unfortunately, the court was later informed that a subsequent medical appointment revealed that Defendant did in fact have a detached retina. Thereafter he received treatment for that condition and the court has not been further informed on the matter.

The United States Marshals Service further reported that a check with Defendant's cardiologist revealed that he did not have an appointment scheduled later in the week in which his change of plea hearing occurred; rather, his appointment was set for a few weeks thereafter. The court directed the Marshals Service to ensure that Defendant made it to his scheduled appointments and received the care that his treatment providers determined was necessary.

In sum, although detained pending sentencing, the court has made every effort to ensure that Defendant receives the medical care that he requires. No further information has been provided to the court suggesting that Defendant's care is lacking, and the court concludes that detention is appropriate under the prevailing law. Finally, other courts have noted that being a primary caregiver is not an extraordinary reason for release. *See Wages*, 277 F. App'x at 728 (citing *United States v. Mellies*, 496 F.Supp.2d 930, 937 (M.D.Tenn.2007)). The court has evaluated Defendant's arguments individually and as a whole and finds Defendant's situation is not so unique as to meet the requirements for release pending sentencing.

The court therefore DENIES the motion for release pending sentencing. (Doc. 681.)

IT IS SO ORDERED.

Dated: April 17, 2024                             s/John W. Broomes_____
                                                                         JOHN W. BROOMES
                                                                         UNITED STATES DISTRICT JUDGE