IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

UNITED STATES OF AMERICA,

        Plaintiff,

v.                                                            Case No. 16-10018-1-JWB

STEVEN HENSON,

        Defendant.

**MEMORANDUM AND ORDER**

This matter comes before the court on Defendant's motion to reduce sentence. (Doc. 708.) The motion is fully briefed and ripe for decision. (Docs. 709, 710, 711.) The motion is DENIED for failure to exhaust administrative remedies.

**I.     Facts and Procedural History**

Defendant, formerly a physician, was charged by indictment with 31 counts stemming from his pain-management practice. Most of the counts alleged violations of 21 U.S.C. § 841 for unlawfully distributing controlled substances or included such violations as predicates. A jury convicted Defendant on a majority of the counts. Defendant was sentenced by the Hon. J. Thomas Marten to a term that included life imprisonment on several counts. On direct appeal, the Tenth Circuit affirmed the convictions. *United States v. Henson*, 9 F.4th 1258 (10th Cir. 2021), *cert. granted, judgment vacated*, 142 S. Ct. 2902 (2022). Almost all of the convictions, however, were vacated after a decision in *Ruan v. United States*, 597 U.S. 450 (2022). *See Henson*, 142 S. Ct. 2902.

Upon remand, Defendant entered a guilty plea and, on May 23, 2024, was sentenced to a controlling term of 120 months. (Doc. 689.) Defendant is projected to be released next year but

moves for compassionate release due to his medical conditions. (Doc. 708.) The government opposes the motion.

## II. Standard

Defendant moves for a sentence reduction under § 3582(c)(1)(A). Under that statute, a sentencing reduction is allowed when "extraordinary and compelling reasons warrant such a reduction . . . ." *Id.* Prior to 2018, that section only authorized the Director of the Bureau of Prisons ("BOP") to move for a reduction. *United States v. McGee*, 992 F.3d 1035, 1041 (10th Cir. 2021). The First Step Act changed this to allow a defendant to file his own motion for reduction after he "has fully exhausted all administrative rights to appeal a failure of the [BOP] to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier." *United States v. Mata-Soto*, 861 F. App'x 251, 253 (10th Cir. 2021) (quoting 18 U.S.C. § 3582(c)(1)(A)). Exhaustion is mandatory. *United States v. Hemmelgarn*, 15 F.4th 1027, 1030–31 (10th Cir. 2021).

## III. Analysis

The government contends that Defendant's motion must be dismissed because he failed to exhaust his administrative remedies. Defendant's motion and supplemental filings do not assert that he has exhausted his administrative remedies by filing a request with the BOP prior to filing his motion with the court. Defendant is currently at a residential reentry center. The compassionate release statute requires that Defendant first file a request with the "warden of the defendant's facility" prior to filing a motion for release with the court. 18 U.S.C. § 3582(c)(1)(A). Warden is defined by the BOP as "the chief executive officer of ... any federal penal or correctional institution or facility." 28 C.F.R. § 500.1(a). As Defendant continues to be in BOP's custody, he

was required to exhaust his claim by filing a request with the chief executive officer of the residential reentry center. *See United States v. Franco*, 973 F.3d 465, 468–69 (5th Cir. 2020).

Because the exhaustion requirement is a mandatory condition that has been properly invoked by the government, the court must dismiss Defendant's § 3582(c)(1)(A) motion without prejudice to filing a new one if and when he exhausts his administrative remedies.

**IV.     Conclusion**

Defendant's motion to reduce sentence (Doc. 708) is DENIED.

IT IS SO ORDERED.  Dated this 25th day of February, 2026.

                          __s/ John W. Broomes_____
                          JOHN W. BROOMES
                          CHIEF UNITED STATES DISTRICT JUDGE