IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

UNITED STATES OF AMERICA,

      Plaintiff,

v.                                       Case No.  16-10018-1-JWB

STEVEN HENSON,

      Defendant.

**MEMORANDUM AND ORDER**

This matter comes before the court on Defendant's motion to reduce sentence.  (Doc. 714.) The motion is fully briefed and ripe for decision.[1]  (Doc. 715.)  The motion is DENIED for the reasons set forth herein.

I.     **Facts and Procedural History**

Defendant, formerly a physician, was charged by indictment with 31 counts stemming from his pain-management practice.  Most of the counts alleged violations of 21 U.S.C. § 841 for unlawfully distributing controlled substances or included such violations as predicates.  A jury convicted Defendant on a majority of the counts.  Defendant was sentenced by the Hon. J. Thomas Marten to a term that included life imprisonment on several counts.  On direct appeal, the Tenth Circuit affirmed the convictions.  *United States v. Henson*, 9 F.4th 1258 (10th Cir. 2021), *cert. granted, judgment vacated*, 142 S. Ct. 2902 (2022).  Almost all of the convictions, however, were vacated after a decision in *Ruan v. United States*, 597 U.S. 450 (2022).  *See Henson*, 142 S. Ct. 2902.

---

[1] Defendant did not file a reply brief but the time for doing so has now passed.

1

Upon remand, Defendant entered a guilty plea and, on May 23, 2024, was sentenced to a controlling term of 120 months.  (Doc. 689.)  Defendant is projected to be released next year but moves for compassionate release due to his medical conditions.  (Doc. 714.)  The government opposes the motion.

## II.    Standard

Defendant moves for a sentence reduction under 18 U.S.C. § 3582(c)(1)(A).  Under that statute, a sentencing reduction is allowed when "extraordinary and compelling reasons warrant such a reduction . . . ."  *Id.*  Prior to 2018, that section only authorized the Director of the Bureau of Prisons ("BOP") to move for a reduction.  *United States v. McGee*, 992 F.3d 1035, 1041 (10th Cir. 2021).  The First Step Act changed this to allow a defendant to file his own motion for reduction after he "has fully exhausted all administrative rights to appeal a failure of the [BOP] to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier." *United States v. Mata-Soto*, 861 F. App'x 251, 253 (10th Cir. 2021) (quoting 18 U.S.C. § 3582(c)(1)(A)).  Exhaustion is mandatory.[2] *United States v. Hemmelgarn*, 15 F.4th 1027, 1030–31 (10th Cir. 2021).

The Tenth Circuit has endorsed a three-step test for district courts to use in deciding motions filed under § 3582(c)(1)(A).  *McGee*, 992 F.3d at 1042.  Under that test, the court may reduce a sentence if: (1) "extraordinary and compelling" reasons warrant a reduction; (2) the "reduction is consistent with applicable policy statements issued by the Sentencing Commission;" and (3) the reduction is consistent with any applicable factors set forth in 18 U.S.C. § 3553(a).  *Id*. A court may deny the motion when any of the three requirements is lacking and the court need not address the other requirements.  *Id*. at 1043.  But all requirements must be addressed when the

---

[2] The government concedes that Defendant has exhausted his administrative remedies.  (Doc. 715 at 4.)

court grants a motion for release under the statute. *Id.* Defendant bears the burden of establishing that compassionate release is warranted under the statute. *See, e.g.*, *United States v. Moreno*, 519 F. Supp. 3d 937, 941 (D. Kan. 2021).

### III. Analysis

Defendant moves for compassionate release on the basis that he is "65 years old with significant medical conditions, including recent hip replacement, cardiac issues requiring a defibrillator, and visual impairment." (Doc. 714 at 1.) The government objects and asserts that Defendant has not shown extraordinary and compelling circumstances. The court agrees. Defendant is no longer in custodial confinement and is under supervision with the Residential Reentry Center. (Doc. 715 at 2.) Notably, Defendant's attached exhibit states that he is currently in home confinement. (Doc. 714 at 5.) As a result, Defendant fails to explain how extraordinary circumstances warrant a reduction of sentence to time served here. As noted by the government, Defendant's supervision would merely transfer to the probation office if the court granted the motion.

Defendant has wholly failed to establish extraordinary and compelling circumstances here. While Defendant may have ongoing medical issues, there is no evidence that he is not getting treatment due to his status as an individual under the supervision of BOP.

Further, considering the sentencing factors, the court finds that reducing Defendant's sentence to time served would not reflect the seriousness of his criminal conduct, nor would it furnish adequate deterrence to criminal conduct or provide just punishment. After reviewing Defendant's submission, the court finds that the imposed 120-month sentence remains sufficient, but not greater than necessary, to meet the sentencing factors in § 3553(a) and punish the offense.

### IV. Conclusion

3

Defendant's motion to reduce sentence (Doc. 714) is DENIED.

IT IS SO ORDERED.  Dated this 8th day of May 2026.

__ s/ John Broomes_____
JOHN W. BROOMES
CHIEF UNITED STATES DISTRICT JUDGE